## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| IN RE: SONYA LARAYE OWENS | : : : : : : : | Civil Action No.: Re Document Nos.: | 19-2491 (RC) 1, 12, 13 |

### MEMORANDUM OPINION

#### DISMISSING APPEAL

### I. INTRODUCTION

Before the Court is Ms. Sonya LaRaye Owens's appeal from the U.S. Bankruptcy Court for the District of Columbia. Ms. Owens seeks review of multiple related orders: an order that lifted an automatic stay Chapter 11, an order dismissing her petition, an order barring her from certain future filings, and related procedural orders. Because the Court finds that the Bankruptcy Court did not clearly err in its finding of facts or abuse its discretion, and because several of the appealed orders are moot, the Court affirms in all aspects and dismisses the appeal.

### II. BACKGROUND

The factual background of this bankruptcy appeal involves several related proceedings centered around the foreclosure and sale of Ms. Owens's home ("the property") and subsequent eviction proceedings before D.C. courts. On February 21, 2017, Ms. Owen's home was foreclosed upon and sold to Reliance Partners LLC ("Reliance"), the Appellee here. Mem. Decision and Order Den. Mot. to Reconsider Dismissal at 2 ("Reconsideration"), Bankruptcy

Case No. 19-489, ECF No. 53.[1]  This sale was ratified by the D.C. Superior Court on March 25, 2018, and Reliance took title to the property on March 26, 2018.  *Id.*  Reliance then filed a Complaint for Possession in D.C. Superior Court, pursuant to which it received a judgment for possession in its favor on May 15, 2019.  *Id.*  Ms. Owens filed for Chapter 11 bankruptcy before Judge Teel in the D.C. Bankruptcy Court on July 19, 2019, the day of her scheduled eviction, which prompted the entry of an automatic stay under 11 U.S.C. § 362.  *Id.*  That same day, Ms. Owens also filed to remove the possession case to federal court, although the case was quickly remanded back to Superior Court.[2]  Appellee Br. at 4–5, ECF No. 11.  As a result of all this, Ms. Owens's eviction was temporarily stayed, but a status conference on the eviction was scheduled in Superior Court for August 2.  *Id.* Ex. 4, ECF No. 11-1.

In response, Reliance filed a motion before the Bankruptcy Court to lift the automatic stay to allow the eviction to proceed, to shorten the time Ms. Owens had to respond to its motion, and to bar Ms. Owens from future filings.  *See* Emerg. Mot. for Decl. Order Stating Reliance's J. is Not Subject to the Auto. Bankr. Stay, Mot. to Shorten the Time to Resp. to this Mot., and Mot.

---

[1] The facts and procedural history recounted here are drawn from the record on appeal, ECF No. 5.  Certain filings and orders were not included in full in the record; in these cases, the Court has cited to the full versions available on the Bankruptcy Court docket.  Under Bankruptcy Rule 8009, the appellant generally has the responsibility to designate the items to be included in the record before transmittal.  *See* Fed. R. Bankr. P. 8009(a)(1)(A).  The contents of the record here are incomplete.  But this is understandable, given that Ms. Owens's initial notice of appeal only challenged the orders of July 29 and August 1, but her amended notice of appeal and her briefing challenge several subsequent orders of the Bankruptcy Court, discussed *infra*.  As Ms. Owens is appealing *pro se*, the Court will take judicial notice of items not included in the record to avoid further delay in deciding this appeal on the merits.  *See Frostbaum v. Ochs*, 277 B.R. 470, 473 n.1 (E.D.N.Y. May 16, 2002) (finding it appropriate, "[i]n light of Apellant's *pro se* status on this appeal," to obtain a copy of a challenged order "in order to avoid requests for additional time or to refile the appeal").

[2] Specifically, Ms. Owens's removal of the eviction proceeding was rejected by the District Court on July 24, 2019 and the proceeding was remanded back to the Superior Court.  Appellee Br. Ex. 5, ECF No. 11-1.

to Enjoin Owens From Future Filings ("Emergency Motion"), Bankruptcy Case No. 19-489, ECF No. 21. Judge Teel granted Reliance's motion to shorten the time for response on July 29. *See* Order Granting Mot. to Shorten Time ("Shorten Order"), Bankruptcy Case No. 19-489, ECF No. 27. He also set a hearing date for August 1 to determine whether to grant Reliance's two other requests contained within the Emergency Motion: the request for relief from the automatic stay, and the request for an injunction to prevent further filings. *Id.* at 2–3. After the August 1 hearing, the Bankruptcy Court granted Reliance's emergency motion granting relief from the stay. *See* Order Granting Relief from the Automatic Stay to Permit Eviction Action to Proceed ("Stay Relief"), Bankruptcy Case No. 19-489, ECF No. 31. The court also denied Ms. Owens's motion for a continuance, which she had filed that same morning. *See* Order Re Mot. for Continuance of Hr'g, Bankruptcy Case No. 19-489, ECF No. 32. After the Status Conference on August 2, the Superior Court granted Reliance's request to proceed with the eviction. Appellee Br. 5.

Ms. Owens's bankruptcy petition was dismissed on August 6, for failure to timely file a proper mailing matrix[3] and failure to pay the filing fee or obtain leave to pay the fee in installments. *See* Order Dismissing Case ("Dismissal") at 1–2, Bankruptcy Case No. 19-489, ECF No. 44. (Judge Teel had dismissed Ms. Owens's petition initially on August 1, 2019 for failure to file a proper mailing matrix, but vacated that dismissal on the grounds that it was issued prematurely and mistakenly, as the August 2, 2019 deadline to show cause regarding the

---

[3] Bankruptcy Rule 1007 includes a requirement to file a mailing matrix, or list of creditors, in a chapter 11 case. *See* Fed. R. Bankr. P. 1007; *see also* 11 U.S.C. § 521(a)(1)(A). Local Rule 1007-1 requires a coversheet to be filed by the debtor, which must contain a declaration as to its accuracy. LBR 1007-1(b). These requirements serve as a key to efficient resolution of a bankruptcy case and failure to satisfy them are grounds for dismissal. *See In re Wilcox,* 463 B.R. 143 (B.A.P. 10th Cir. 2011).

3

failure to file the mailing matrix had not yet been passed.  *See* Order Vacating Order Dismissing Case at 1, Bankruptcy Case No. 19-489, ECF No. 43.)

On August 9, 2020, Ms. Owens filed a notice of appeal, appealing "All Orders, Judgments, or Decrees on July 29 and August 1, 2019."  *See* Notice of Appeal at 3, ECF No. 1.  However, proceedings continued.  On August 19, the Bankruptcy Court denied a motion to reconsider, wherein Ms. Owens had sought to reinstate the automatic stay.  Reconsideration at 1.  On August 26, 2019,  Ms. Owens filed an amended notice of appeal, indicating she was more broadly challenging "All orders, judgments, and decrees from July 19, 2019 thru present, including 7-26-19, 8-1-19, 8-6-19, and hereafter."  Amended Notice of Appeal, ECF No. 3.  On August 29, after an oral hearing, the Bankruptcy Court granted Reliance's Motion to Enjoin Future Filings, thus preventing Owens from making any future bankruptcy filings under which an automatic stay would arise and frustrate Reliance's attempts to take possession of the property.  *See* Order ("Prospective Relief") at 3, Bankruptcy Case No. 19-489, ECF No. 61.  In its briefing before this Court, Reliance represents that Ms. Owens was evicted from the property on August 30, 2019.  Appellee Br. at 5.

Ms. Owens, in her brief, asks this Court to "vacate all the decisions of the Bankruptcy court."  Appellant Br. at 1, ECF No. 8.  As a result, and consistent with the amended notice of appeal, this Court understands Ms. Owens to be appealing the following orders of the Bankruptcy Court: (1) the July 29 order shortening the time Ms. Owens had to respond to Reliance's emergency motion; (2) the August 1 order granting Reliance's motion and thus relief from the automatic stay; (3) the August 1 order denying Ms. Owens's motion to continue the hearing; (4) the August 6 order dismissing Ms. Owens's petition (which superseded the vacated decision that dismissed Ms. Owens's petition); (5) the August 19 order denying reconsideration

of dismissal; and (6) the August 29 order temporarily enjoining Ms. Owens from future bankruptcy filings and granting prospective relief from any automatic stay.

### III.  LEGAL FRAMEWORK

#### A.  Jurisdictional Issues

District courts have jurisdiction to hear appeals of the judgments, final orders, and decrees of bankruptcy courts.  28 U.S.C. § 158(a).  This section further provides that such appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." *Id.* § 158(c)(2).

The Court has jurisdiction to consider each of the appealed orders.  Two of the orders appealed by Ms. Owens are clearly final: the order dismissing her petition and the order lifting the automatic stay.  *See Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586–87 (2020) (holding that adjudication of an order to grant relief from the automatic stay is a final, appealable order, while also noting generally that "[o]rders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case") (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)).  The remaining orders—best characterized as interlocutory—are reviewable here because they merge into the order dismissing the petition.  *See In re Urban Broad. Corp.*, 304 B.R. 263, 270 n.15 (E.D. Va. 2004) ("We note further that the dismissal of the bankruptcy petition is a final judgment, and all interlocutory orders merge into that judgment; that is, [appellant] in appealing the dismissal may appeal any interlocutory orders that underlie it as well.") (quoting *In re Dunes Hotel Assoc.*, 1998 WL 416742, at *3 (4th Cir. July 22, 1998)).

### B.  Mootness

Mootness, both under constitutional and equitable grounds, must be considered on appeal from Bankruptcy Courts.  *See In re Carvalho*, 598 B.R. 356, 360 (D.D.C. 2019) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed, for federal courts have no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.") (internal quotation marks omitted) (quoting *Church of Scientology of Calif. v. United States*, 506 U.S. 9, 12 (1992)).  In such a circumstance mootness occurs in a *constitutional* sense, *id.*, but *equitable* mootness may also occur when the granting of conceivably effective relief would be inequitable, *see In re Hardy*, 589 B.R. 217, 221 (D.D.C. 2018) (holding that the appeal of a property sale to a good faith purchaser in a bankruptcy proceeding was moot because such a sale was not stayed pending appeal); *see also In re AOV Indus., Inc.*, 792 F.2d 1140, 1147–48 (D.C. Cir. 1986).

### C.  Standard of Review

A district court reviews the Bankruptcy Court's findings of fact for clear error, while conclusions of law are reviewed *de novo*.  *See Hope 7 Monroe St. Ltd. P'ship v. RIASO L.L.C.*, 473 B.R. 1, 6 (D.D.C. 2012), *aff'd sub nom. In re Hope 7 Monroe St. Ltd. P'ship*, 743 F.3d 867 (D.C. Cir. 2014).  Appellant holds the burden of proof and to prevail "must show that the court's holding was clearly erroneous as to the assessment of the facts or erroneous in its interpretation of the law and not simply that another conclusion could have been reached." *Alberts v. HCA, Inc.*, 496 B.R. 1, 9 (D.D.C. 2013) (quoting *In re Johnson*, 236 B.R. 510, 518 (D.D.C. 1999)).  Finally, equitable and discretionary decisions of the Bankruptcy Court are reviewed under an abuse of discretion standard.  *See In re Capitol Hill Grp.*, 313 B.R. 344, 349 (D.D.C. 2004)

(citing *In re Behlke*, 358 F.3d 429, 433 (6th Cir. 2004); *In re I. Appel Corp.*, 300 B.R. 564 (S.D.N.Y. 2003)).

## IV.  ANALYSIS

The Court will analyze each of the challenged orders in turn.

### A.  Order Granting Motion to Shorten Time to Respond to Reliance's Emergency Motion

Ms. Owens appeals Judge Teel's decision on July 29, 2019 to shorten the time frame to respond to Reliance's emergency motion and setting a hearing date for August 1.  *See* Appellant Br. at 2–3.  Ms. Owens asserts that she was not able to adequately prepare for the August 1 hearing on such short notice.  *Id.*  Bankruptcy Rule 9006 allows Bankruptcy Courts the ability to shorten such a time interval with or without motion, noting that the decision is a discretionary one.  Fed. R. Bankr. P. 9006(c)(1).  Although Judge Teel clearly lays out the grounds on which he has granted the motion and his reasoning for setting the August 1 hearing, *see* Shorten Order at 2, this Court will not review such reasoning for abuse of discretion, as appeal of this order is moot.  Ms. Owens was evicted from the property on August 30, 2019.  The Court cannot grant her requested relief, the return of the property, as Ms. Owens held no interest in the property during the entirety of the bankruptcy proceeding outside of (potentially) a possessory one.  *See* Reconsideration at 6–7.  Granting this relief, given the result of her eviction as an intervening event, not only presents a constitutional mootness issue but also an equitable one, as granting such relief would require reversing a long history of state eviction and foreclosure proceedings.[4]  *See, e.g.*, *In Re Carvalho*, 598 B.R. at 360; *In Re Hardy*, 589 B.R. at 221.

---

[4] To the extent that Appellant is using this appeal as a vehicle to return her property and reverse the Superior Court decision, *see* Appellant Br. at 16 (asking the court to "repair the damages by returning my property"), the *Rooker-Feldman* doctrine would likely preclude such relief.  The *Rooker-Feldman* doctrine, as recognized in this circumstance both by Judge Teel and Judge Berman-Jackson in her remand order of a related case involving Ms. Owens, *Reliance*

### B. Order Granting Relief from Automatic Stay Under 11 U.S.C. § 362

Ms. Owens's appeal of Judge Teel's order granting relief from the automatic stay is also moot for similar reasons. Ms. Owens correctly asserts that upon the filing of Chapter 11 bankruptcy, a stay automatically issues against several different types of proceedings, enforcement, and collection actions. *See* 11 U.S.C. §362(a)(1)–(8). However, courts can grant relief from an automatic stay upon motion. Fed. R. Bankr. P. 4001; *see* 11 U.S.C. § 362(d). While Judge Teel's order appears amply justified, the Court will again not evaluate the adequacy of that decision, as appeal of this order is moot. The automatic stay was lifted upon dismissal of Ms. Owens's petition on August 6, after which Ms. Owens was evicted from the property. While the lifting of the stay allowed the Superior Court to move forward with the eviction proceeding at the status conference on August 2, the stay would have been lifted at the latest on August 6 with the dismissal of the case. *See* 11 U.S.C. 362(c)(2)(B); *see also In re Foreman*, 278 B.R. 92, 95 (D. Md. 2002) (holding that an order of relief of an automatic stay with subsequent eviction moots the appeal of that order).

### C. Order Denying Motion to Continue Hearing

Similarly, Ms. Owens's appeal of the denial of her motion to continue is moot. Even if this Court assumes that granting the requested continuance would have allowed Ms. Owens more time to sufficiently plead her case as to why Reliance should not be granted relief from the automatic stay, Judge Teel noted that he was bound by the Superior Court ruling as to Ms. Owens's lack of ownership interest in the property. Order Re Mot. for Continuance of Hr'g at 2. Furthermore, Ms. Owens's appeal of this order is rendered moot by the dismissal of her case on

---

*Group LLC v. Owens*, No. 19-cv-2050, precludes federal courts from exercising jurisdiction over claims which were ultimately unsuccessful in state court. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

August 6, which lifted the automatic stay and would have allowed the eviction to proceed regardless of any grant of a continuance.

### D.  Order Dismissing Case

On August 6, 2019, Ms. Owens's bankruptcy petition was dismissed for failure to file a proper mailing matrix and failure to pay the filing fee or obtain leave to pay the fee in installments.  Dismissal at 1–2.  Appellant asserts that her petition for bankruptcy met all applicable legal requirements, that her mailing matrix was properly filed, and that her case should not have been dismissed as she filed an application to pay the filing fees in installments in accordance with Bankruptcy Rule 1006.  Appellant Br. at 12.  However, on July 19, 2019, Ms. Owens was ordered to either pay the filing fee in full, show cause as to why she should be able to pay in installments, or show cause as to why her case should not be rejected for failure to pay the fee in full.  *See* Dismissal at 1.  A similar order was issued for her failure to meet the requirements of a verified mailing matrix.  *Id*. at 1–2.  Judge Teel's factual findings that Ms. Owens failed to adequately pay the filing fee or file an appropriate mailing matrix are reviewed for clear error.  *See Alberts*, 496 B.R. at 9; *Hope 7 Monroe St.*, 473 B.R. at 6.  Despite Appellant's assertions to the contrary that she met the applicable legal requirements, Appellant Br. at 12, Judge Teel adequately laid out his findings and in doing so did not clearly err,  *see* Dismissal at 1–2.  Furthermore, the ultimate decision to dismiss the case for failure to pay the filing fee is a discretionary one and, in applying that standard to these facts (particularly in light of Ms. Owens's failure to respond to the orders to show cause), Judge Teel did not abuse his discretion.  *See* Fed. R. Bankr. P. 1017(b)(1) (the court "*may*" dismiss the case) (emphasis added).  Accordingly, the dismissal of Appellant's case is affirmed.

### E. Order Denying Motion to Reconsider Dismissal

On August 3, 2019, Ms. Owens filed a motion to vacate the order lifting the stay, rejecting her continuance, and dismissing her case. *See* Expedited Motion to Vacate Order, Bankruptcy Case No. 19-489, ECF No. 41. Judge Teel issued his memorandum opinion denying the motion on August 19, 2019. *See* Reconsideration at 1. In his opinion, Judge Teel properly applies the applicable standard of review, as indicated in Rule 9023. *See* Fed. R. Bankr. P. 9023 (applying Fed. R. Civ. P. 59(e) to motions to alter or amend a judgment). Decisions refusing to vacate a judgment under Rule 59(e) are reviewed for abuse of discretion. *See Osborn v. Visa Inc.,* 797 F.3d 1057, 1063 (D.C. Cir. 2015) (citing *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Judge Teel considered all the arguments offered by Ms. Owens, which, as he noted, are substantially a rehashing of the arguments she made in her previous motions. *See* Reconsideration at 4. Judge Teel properly weighed an asserted "intervening change of controlling law" and determined it inapplicable. Reconsideration at 6–7; *see Firestone*, 76 F. 3d at 1208. As such, Judge Teel did not abuse his discretion in denying the motion and his decision is affirmed.

### F. Order Enjoining Future Filings and Granting in Prospective Relief from Automatic Stay

On August 29, 2019, reflecting decisions rendered at an August 20 oral hearing, the Bankruptcy Court granted the last request remaining from Reliance's emergency motion: the motion to enjoin Ms. Owens from future filings. *See* Prospective Relief at 3. In this order, Judge Teel also granted prospective relief from any automatic stay that would arise upon Ms. Owens filing another bankruptcy petition and applied such relief *in rem*[5] to the property. *Id.* The order

---

[5] Although the prospective order stated it applied to the property "in rem," it made clear that prospective relief was limited to Ms. Owens. *See* Prospective Relief at 3 ("[The] August 1, 2019 Order terminating the automatic stay shall apply to and be binding upon the Property,

10

specified that it would "stay in effect until Reliance obtains possession of the Property from Debtor." *Id.*

In reference to this order, Ms. Owens asserts that there "is no law or bankruptcy rule that allows a Bankruptcy Court to attach a lien or conditions of bankruptcy to an estate, particularly at a hearing held after it has dismissed the bankruptcy case." Appellant Br. at 16. However, "bankruptcy courts retain jurisdiction over certain matters after dismissal or closing of a bankruptcy case." *In re Commercial Fin. Servs., Inc.*, 247 B.R. 828, 844 (Bankr. N.D. Okla. 2000). As relevant here, they "inherently have the power to enforce their own orders, regardless of whether a case is open or closed." *Id.* The specific authority to enjoin future bankruptcy filings is recognized to derive from section 105 of Title 11. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); *see also In re Casse,* 198 F.3d 327, 336 (2d Cir. 1999) (noting that "§ 105 empowers [the bankruptcy court] to enjoin future filings to prevent abuse of the bankruptcy process.") (quoting *In re Earl*, 140 B.R. 728, 741 n.4 (Bankr. N.D. Ind. 1992)) (internal quotation marks omitted).

As both the enjoinment of future filings and the prospective relief are discretionary decisions, this Court reviews them for abuse of discretion. *See In re Sindram*, 464 B.R. 495, 497 (D.D.C. 2011). Based on Judge Teel's conclusions that Reliance did, in fact, own the property in question and the several factual findings regarding the dilatory and bad faith filings of Ms. Owens, Prospective Relief at 2, the Court concludes that Judge Teel did not abuse his discretion in enjoining future bankruptcy filings and awarding prospective relief. The relief was limited in

---

granting prospective in rem relief from any bankruptcy stay, whether § 362 or § 1301 of the United States Bankruptcy Code, in all future bankruptcies *filed by Debtor*[.]") (emphasis added).

duration and scope and tailored to give effect to the Bankruptcy Court's earlier order lifting the automatic stay.

## V.  CONCLUSION

For the foregoing reasons, Appellant's appeal from the Bankruptcy Court is **DISMISSED**.[6]  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  April 20, 2020                                        RUDOLPH CONTRERAS
                                                                              United States District Judge

---

[6] On February 21, 2020, Appellant filed an untimely motion for an extension of time to reply to Appellee's brief.  *See* Mot. for Extension of Time, ECF No. 13.  The ability to grant an extension under Rule 6(b)(1) is discretionary and is granted upon a showing of good cause.  *Cooper v. United States Dep't of Justice*, 169 F. Supp. 3d 20, 45 (D.D.C. 2016).  Because Appellant has not shown good cause as to why she should be granted an extension, because her reasoning previewed in her motion for extension is substantially a rehashing of arguments raised elsewhere, and because a reply brief is not required for this Court to sufficiently decide this case on the merits, her request is denied.  Additionally, because this appeal will be dismissed, her renewed motion for CM/ECF access is also denied as moot.  *See* Second Mot. for CM/ECF Password, ECF No. 12.