UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| IN RE: SONYA LARAYE OWENS | : : : : : : : | Civil Action No.: Re Document No.: | 19-2491 (RC) 18 |

**MEMORANDUM OPINION**

DENYING PETITIONER'S MOTION FOR RECONSIDERATION

**I.  INTRODUCTION**

On April 20, 2020, this Court dismissed Ms. Sonya LaRaye Owens's *pro se* appeal from the U.S. Bankruptcy Court for the District of Columbia because the Court found that the Bankruptcy Court did not clearly err in its finding of facts or abuse its discretion, and because appeals of several of the orders were moot. *See* Mem. Op., ECF No. 16.  Ms. Owens now asks this Court to reconsider that dismissal. *See* Mot. Reconsideration, ECF No. 18.  Ms. Owens has also included a petition for a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651(a).  Because Ms. Owens has not sufficiently established that she is entitled to relief under Federal Rule of Civil Procedure 60(b) or Section 1651(a), the Court denies her motion for reconsideration.

**II.  FACTUAL BACKGROUND**

The instant motion for reconsideration involves several related proceedings centered around the foreclosure and sale of Ms. Owens's home and subsequent eviction proceedings before the D.C. courts.[1]  On February 21, 2017, Ms. Owens's home was foreclosed upon and sold to Reliance Partners LLC ("Reliance").  Ms. Owens subsequently filed a bankruptcy

---

[1] Additional factual background for this action is outlined in the Court's April 20, 2020 memorandum. *See* Mem. Op. at 1–6.

petition, which temporarily stayed eviction proceedings, but was later evicted from the property after the bankruptcy petition was dismissed by the Bankruptcy Court. *See* Mem. Op. at 1–2, 4.

On August 26, 2019, after filing an initial notice of appeal from the Bankruptcy Court, Ms. Owens filed an amended notice of appeal indicating she was broadly challenging "[a]ll orders, judgments, and decrees from July 19, 2019 thru present, including 7-26-19, 8-1-19, 8-6-19, and hereafter." Amended Notice of Appeal, ECF No. 3. On August 29, 2019, the Bankruptcy Court enjoined Ms. Owens from making any future bankruptcy filings under which an automatic stay would arise and frustrate Reliance's attempts to take possession of the property. *See* Order at 3, Bankruptcy Case No. 19-489, ECF No. 61.

On appeal, Ms. Owens asked this Court to "vacate all the decisions of the Bankruptcy court." Appellant Br. at 1, ECF No. 8. As a result, this Court understood Ms. Owens to be appealing the following orders of the Bankruptcy Court: (1) a July 29, 2019 order shortening the time Ms. Owens had to respond to Reliance's emergency motion for relief from an automatic stay; (2) an August 1 order granting Reliance's motion and thus relief from the automatic stay; (3) an August 1 order denying Ms. Owens's motion to continue a related hearing; (4) an August 6 order dismissing Ms. Owens's bankruptcy petition; (5) an August 19, 2019 order denying reconsideration of dismissal; and (6) the August 29 order temporarily enjoining Ms. Owens from future bankruptcy filings and granting prospective relief from any automatic stay. *See* Mem. Op. at 4–5.

On April 20, 2020, this Court found that Ms. Owens's appeal of Judge Teel's order shortening the time frame to respond to Reliance's emergency motion was equitably and constitutionally moot. *See* Mem. Op. at 7. Ms. Owens's appeals of Judge Teel's orders granting relief from the automatic stay and the denial of her motion to continue were likewise moot. *Id.* at

8. This Court also affirmed the dismissal of Ms. Owens's case, Judge Teel's denial of her motion to reconsider the dismissal, and Judge Teel's order enjoining future filings. *Id.* at 9–11.

Ms. Owens now asks this Court to reconsider its April 20, 2020 decision. *See* Mot. Reconsideration. She has also filed a notice of appeal to the D.C. Circuit. *Id.*

### III. LEGAL STANDARD

Ms. Owens moves for reconsideration of this Court's April 20, 2020 decision, presumably under Rule 60(b).[2] Rule 60(b) motions allow a party to seek relief from a final judgment "within a reasonable time" after entry of the judgment, but only for six enumerated reasons. *See* Fed. R. Civ. P. 60(b). Such reasons include, among other things, "mistake, inadvertence, surprise, or excusable neglect," *id.* at (60)(b)(1), "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," *id.* at (60)(b)(2), and "any other reason that justifies relief," *id.* at 60(b)(6). The Rule "was intended to preserve 'the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts.' It cannot be employed simply to rescue a litigant from strategic choices that later turn out to be improvident." *Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).

---

[2] Ms. Owens does not specifically identify the rule under which she seeks reconsideration. However, because she filed the instant motion over two months after entry of this Court's final judgment, Rule 59(e) relief is unavailable to her. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Accordingly, the Court considers her motion under Rule 60(b), which sets forth a more lenient filing schedule. *See* Fed. R. Civ. P. 60(b) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). But the Court notes that her petition for reconsideration would fail even under the less stringent requirements set forth in Rule 59(e). *See* Fed. R. Civ. P. 59(e).

Indeed, district courts enjoy "a large measure of discretion" in ruling on Rule 60(b) motions. *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987); *see also* 11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2857 (3d ed. 2012). The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to relief. *Jarvis v. Parker*, 13 F. Supp. 3d 74, 77 (D.D.C. 2014) (citing *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011)).

## IV.  ANALYSIS

For the reasons set forth below, Ms. Owens fails to establish that she is entitled to relief under Rule 60(b) or any other specified avenues for seeking reconsideration of judicial decisions.

Ms. Owens's motion for reconsideration raises a number of claims, none of which are developed or supported by relevant legal authority.[3] She alleges that this Court erred in its prior decision, demonstrated "animus[] towards the Appellant" and "work[ed] to hide fraud and racial discrimination." *Id.* at 2. Ms. Owens further represents that the "Reliance Group LLC falsely alleged circumstances existed that required the bankruptcy court to grant their emergency motions against [her]," "Reliance Group LLC had no authority to dictate procedures to the bankruptcy court," and that "there is no court order that vacat[ed] or amend[ed] [the Bankruptcy

---

[3] Ms. Owens also objects to this Court's denial of her renewed motion for CM/ECF access, stating that "[t]here is nothing 'moot' about denying a pro se litigant the privilege of electronic filing when [she] has fully met the requirements to do so and is ordered to stay-at-home, just like the rest of the general public." Mot. Reconsideration at 2; *see* Mem. Op. at 12 n.6. As explained in this Court's April 20, 2020 memorandum, Ms. Owens's motion for CM/ECF access was denied as moot because her appeal had been dismissed. Whether a *pro se* party may obtain a CM/ECF user name and password from the Clerk "is within the discretion of the judge to whom the case is assigned." Loc. Civ. R. 5.4(b)(2). Ms. Owens does not provide authority for the position that dismissal of a case does not moot such a motion or explain how she was prejudiced by the Court's denial. As mentioned, even if Ms. Owens's motion for reconsideration had been filed earlier and considered under Rule 59, it would still fail.

Court's] decisions on July 19, 2019."[4]  *Id.* at 5.  In any event, she argues that the Bankruptcy Court lacked jurisdiction to issue its decision.

However, none of Ms. Owens's allegations amount to evidence of any "mistake, inadvertence, surprise, or excusable neglect" that would justify relief under Rule 60(b).  Fed. R. Civ. P. 60(b)(1)).  She likewise does not allege, let alone demonstrate, any new evidence that "could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2).  Instead, she attempts to relitigate old matters, *see e.g.*, Mot. Reconsideration at 5 ("Reliance Group LLC falsely alleged circumstances existed that required the bankruptcy court to grant their emergency motions against [her]"), and unconvincingly disputes the jurisdiction of the Bankruptcy court to hear her petition.[5]  None of these arguments undermine the Court's earlier conclusions (1) that most of the appeals of the challenged orders are moot and (2) that the Court has no authority to grant the primary relief Ms. Owens seeks, the return of her property. *See* Mem. Op. at 7–8.

According to Ms. Owens, she also petitions for a writ of error *coram nobis*.  Mot. Reconsideration at 2.  A petition for a writ of *coram nobis* is "an extraordinary remedy" that allows defendants to attack their convictions after they are no longer in custody.  *United States v.*

---

[4] As discussed in the Court's earlier opinion, on August 6, 2019, Ms. Owens's bankruptcy petition was dismissed for failure to file a proper mailing matrix and failure to pay the filing fee or obtain leave to pay the fee in installments.  *See* Mem. Op. at 3.

[5] Ms. Owens claims that "[a]n incomplete voluntary bankruptcy petition does not vest a bankruptcy court with jurisdictional authority under Title 11."  Mot. Reconsideration at 4.  However, what is meant by an "incomplete" petition is unclear.  The record shows that Ms. Owens filed for Chapter 11 bankruptcy before Judge Teel in the D.C. Bankruptcy Court on July 19, 2019, *see* Ch. 11 Voluntary Pet., Bankruptcy Case No. 19-489, ECF No. 1, and that petition was later dismissed.  *See also Washington Mut., Inc. v. F.D.I.C.*, No. 09-533, 2010 WL 8741981, at *1 (D.D.C. Jan. 7, 2010) ("Federal district courts and bankruptcy courts have concurrent jurisdiction over claims arising under Title 11 of the Bankruptcy Code.").

*Morgan*, 346 U.S. 502, 511 (1954); *see also United States v. Faison*, 956 F. Supp. 2d 267, 269 (D.D.C. 2013).  "Although now abolished in civil proceedings, *see* Fed. R. Civ. P. 60, federal courts retain the authority to grant a writ of error *coram nobis* in criminal proceedings under the All Writs Act, 28 U.S.C. § 1651(a)."  *United States v. Lee*, 84 F. Supp. 3d 7, 8–9 (D.D.C. 2015).  Because this is a civil matter, as opposed to a criminal prosecution, the Court lacks any authority to grant a writ of error *coram nobis* pursuant to the All Writs Act.  Regardless, even if the Court possessed such authority, Ms. Owens provides no basis for it to grant such a writ.

## V.  CONCLUSION

For the foregoing reasons, Ms. Owens's Motion for Reconsideration is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  September 3, 2020                                         RUDOLPH CONTRERAS
                                                                                            United States District Judge